**Opinion issued March 14, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-16-00234-CV**

————————————

**ALFRED BERNAT AND JOHN DOE (L.S.), Appellants**

**V.**

**TOMAS SOTELO AND BENANCIA SOTELO, Appellees**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-61031**

---

## MEMORANDUM OPINION

Appellants, Alfred F. Bernat and John Doe (L.S.), filed a notice of appeal purporting to appeal "void Judgment cause 2011-61031 signed 22 February 2013.

And another Void Judgment 23 August 2013."[1] On September 15, 2016, we issued an opinion granting appellee's motion to dismiss this appeal for lack of jurisdiction on the basis that the notice of appeal was untimely. Appellants have filed a motion for rehearing appearing to argue, among other things, that the time for filing a notice of appeal had not started because the orders they sought to appeal were not final. But, even assuming appellants' argument, the orders would be unappealable interlocutory orders and the appeal still must be dismissed for lack of jurisdiction. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) (appellate courts have jurisdiction over final judgment and interlocutory orders specifically authorized as appealable by statute). Accordingly, we deny the motion for rehearing but withdraw our opinion and judgment of September 15, 2016 and issue this opinion in its stead to acknowledge appellants' argument.

On March 16, 2016, appellants filed a notice of appeal stating that they sought to appeal judgments signed on February 22, 2013 and August 23, 2013 in trial court cause 2011-61031. As a general rule, a notice of appeal is due within thirty days after the signing of the judgment. *See* TEX. R. APP. P. 26.1. The deadline is extended

---

[1]     Appellants' notice of appeal also sought to appeal from "the appealable Order cause 2015-55357 dismissed Bill of Review." The appeal of the bill of review judgment was assigned to, and addressed in, appellate cause number 01-16-00235-CV. Appellants also filed an amended notice of appeal adding an appeal of the judgment in justice court cause EV12C0024097. Because the amended notice of appeal seeks appeal from a judgment in a different trial court cause number, we have forwarded that notice of appeal to the trial court clerk. *See* TEX. R. APP. P. 25.1(a).

to ninety days after the judgment is signed if a party files a timely post-judgment motion under Rule 329b, or in some cases, a request for findings of fact and conclusions of law. *See id.;* TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within fifteen days after the date the notice of appeal is due, the appellant properly files a motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 10.5(b), 26.3. To the extent that the 2013 judgments appellants seek to appeal are appealable, we lack jurisdiction because appellants' March 18, 2016 notice of appeal—filed more than two and a half years after the judgments were signed—was untimely as to both. *See* TEX. R. APP. P. 25.1.

Appellants, however, argue that the orders they seek to appeal were not untimely because they were not final orders. But, to the extent that the orders were not final, we must dismiss the appeal for lack of jurisdiction because the orders were non-appealable interlocutory orders. *See CMH Homes*, 340 S.W.3d at 447.

Accordingly, whether the notice of appeal was untimely (as argued by appellees) or the orders were interlocutory (as argued by appellants), we lack jurisdiction in either case and dismiss this appeal.[2] TEX. R. APP. P. 42.3(a); 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Huddle.

---

[2] The appeal in cause number 01-16-00235-CV of the February 9, 2016 order dismissing the bill of review is unaffected by this opinion and judgment.

3